UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

SCOTT CHUBB,                                    :
          Plaintiff,                        :
                           :
          v.                                :       5:20-cv-00833
                           :
ANDREW M. SAUL, *COMMISSIONER*     :
*OF SOCIAL SECURITY ADMINISTRATION*, :
          Defendant.                        :

_____

## O P I N I O N
### Report and Recommendation, ECF No. 28 – Adopted in Part
### Plaintiff's Request for Review, ECF No. 23 – Denied

**Joseph F. Leeson, Jr.**                                         **January 5, 2022**
**United States District Judge**

## I.      INTRODUCTION

Plaintiff Scott Chubb seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final

decision of the Commissioner of the Social Security Administration ("the Commissioner"),

denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security

Act.   Chubb challenges the decision of the Administrative Law Judge ("ALJ") on six grounds.

On December 10, 2021, United States Magistrate Judge Carol Sandra Moore filed a Report and

Recommendation ("R&R") recommending that the Request for Review be granted based on one

of those grounds.  Both parties have filed objections to the R&R.  For the reasons set forth

below, the Commissioner's objections are sustained and Chubb's Request for Review is denied.

## II.     LEGAL STANDARDS

### A.     Objections to an R&R – Review of Applicable Law

When objections to a report and recommendation have been filed, "the court shall make a

de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).  "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)."  *Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016).  The "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report.  28 U.S.C. § 636(b)(1)(C).

**B.     Appeal from the Commissioner's Final Decision – Review of Applicable Law[1]**

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed, if they are supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), it may amount to less than an evidentiary preponderance. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987).

---

[1]     This standard is taken directly from the R&R.  *See* R&R 6-7, ECF No. 28.

III.    **BACKGROUND**

The R&R summarizes the background and the ALJ's findings and, in the absence of objection, they are adopted and incorporated herein.  This Court has also conducted de novo review of the record, including the ALJ's decision.  *See* ALJ Opn., ECF No. 21-2.  *See also* ECF Nos. 2, 17, 20-25.  In sum, the ALJ found Chubb's severe impairments to include degenerative disc disease, degenerative joint disease, diabetes, obesity, and major depressive disorder.  *See id.* The ALJ found Chubb's hypertension, hearing loss, and bilateral carpal tunnel syndrome to be non-severe.  *See id.*  The ALJ concluded that none of these impairments meets or medically equals a listed impairment and evaluated Chubb's residual functional capacity ("RFC").  *See id.* Ultimately, the ALJ determined that there were significant jobs in the national economy that Chubb could perform and concluded that he was not disabled.  *See id.*

Chubb filed a Request for Review based on six grounds.  *See* Pet., ECF No. 23.  After receiving and reviewing the record and parties' briefing, the Magistrate Judge issued an R&R determining that all but one of Chubb's claims (that the ALJ did not adequately explain why Chubb does not medically equal Listing 12.04) lacks merit.  *See* R&R, ECF No. 28.  Although Chubb filed objections to the R&R, he challenges only the fact that the Magistrate Judge considered his other claims after recommending remand on this single claim, without arguing that the Magistrate Judge's reasoning in denying the other claims was erroneous.  *See* Pl. Objs., ECF No. 29.  After receipt of the Commissioner's objections to the Magistrate Judge's determination of this claim, however, Chubb responded with arguments supporting each claim. *See* Reply, ECF No. 31.  In the Commissioner's objections to the R&R, the Commissioner argues that the Magistrate Judge, who acknowledged that there was no evidence to suggest

Chubb was more limited than the ALJ concluded, erred by concluding that Chubb could have

met the listed impairment 12.04.  *See* Com. Objs. ECF No. 30.  The Commissioner asserts that

there is sufficient evidence to support the ALJ's conclusion that Chubb did not meet a listing

under a combination of impairments analysis and that Chubb has not shown that he was harmed

by any alleged error in this regard.  *See id.*

## IV.    ANALYSIS

After de novo review, this Court finds, contrary to the R&R, that the ALJ adequately

explained why Chubb did not meet Listing 12.04 based on a combination of impairments.  The

ALJ's findings are supported by substantial evidence.

To meet Listing 12.04 (Depressive, bipolar and related disorders), there must be:

(A) medical documentation of a depressive or bipolar disorder; and a showing of either:

(B) an extreme limitation of one, or marked limitation of two, of the following areas of

mental functioning:

(1) Understand, remember, or apply information;

(2) Interact with others;

(3) Concentrate, persist, or maintain pace; and

(4) Adapt or manage oneself; or

(C) that the mental disorder in this listing category is "serious and persistent," as shown

by a "medically documented history of the existence of the disorder over a period of at least 2

years," as well as evidence of both:

(1) Medical treatment, mental health therapy, psychosocial support(s), or a highly

structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental

disorder; and

(2) Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life.

*See* 20 C.F.R. 404, Appendix 1.

After de novo review, this Court concludes that the ALJ adequately explained why Chubb's impairments did not meet this criteria.  *See* ALJ Opn. 20-21.  As to the Paragraph B criteria,[2] the ALJ addressed each of the four areas and sufficiently explained why Chubb had only moderate limitations in each.  *Id.*  The ALJ noted Chubb's purported limitations in each area, then explained why each limitation was no more than moderate.  *Id.*  On appeal, Chubb accepts the ALJ's findings as to "moderate" limitation, but challenges the ALJ's purported failure to consider the combination of impairments.  *See* Pet. 3.  Chubb argues that if he has moderate limitations based "solely" on his depression, then "it is hard to see how additional restriction of these areas due to Plaintiff's other impairments would not result in marked restriction."  *Id.* 5.  Contrary to Chubb's suggestion, however, the ALJ did not find Chubb to have moderate limitations based solely on his depression.

Throughout the ALJ's discussion on Listing 12.04 (depression), the ALJ cited to Exhibit 4E as the basis for Chubb's impairments.  *See* ALJ Opn. 20-21 (citing Exhibit 4E, ECF No. 21-8.).  Exhibit 4E is the Function Report completed by Chubb, which provides information about his medical conditions and abilities, as well as his activities of daily living.  *See* Ex. 4E.  In the Function Report, Chubb only identified his non-mental conditions, including shoulder pain and diabetes, as impacting his ability to work and perform daily activities.  *See id.* ¶ 5.  Accordingly, the fact that the ALJ repeatedly referred to the Function Report and found moderate impairments

---

[2]     Chubb does not argue on appeal, nor is there anything in the record to suggest that he meets the Paragraph C criteria.

consistent with Chubb's allegations therein in each of the four areas identified in Paragraph B is evidence that the ALJ's findings were not based "solely" on Chubb's depression.  Rather, the ALJ thoroughly considered Chubb's non-mental impairments in combination with his mental impairments when concluding that he had moderate limitations in each of the four areas of Paragraph B.[3]  *See* ALJ Opn. 20-21.            That the ALJ did not find moderate limitations based solely on Chubb's depression is further evidenced by the medical records cited by the ALJ in discussing the four areas.  *Id.*  These records address, *inter alia*, Chubb's diabetes and shoulder pain, in addition to his depression.  *Id.* (citing Records at Ex. 9F, ECF No. 21-13).  Given the ALJ's citation to the medical records, as well as his findings of impairments that come directly from the Function Report and are based on Chubb's shoulder pain, it is clear that in finding moderate limitations and in reaching a decision as to whether Chubb meets Listing 12.04, the ALJ considered the combination of all of Chubb's impairments.

Notably too, although the ALJ does not specifically use the words "in combination" in his discussion of Listing 12.04, the heading above that discussion reads: "The claimant does not

---

[3]       As recognized by the ALJ, Chubb alleged difficulty in understanding, remembering, or applying information, but not to such an extent that he is unable to follow instructions, shop in stores, and pay bills.  *See* ALJ Opn. 20-21; Ex. 4E at ¶¶ 16-17, 20f, ECF No. 21-8.  As to Chubb's ability to interact with others, the ALJ recognized that Chubb spends less time with family.  *See* ALJ Opn. 21; Ex. E at ¶¶ 5-6, 19d (Chubb states that because he cannot drive for long due to shoulder pain, he cannot visit his children and grandchildren.).  However, as the ALJ found, Chubb has no problems getting along with family, friends, or neighbors and, in fact, gets along "very well" with authority figures.  *See* ALJ Opn. 21; Ex. 4E at ¶¶ 19b-c.  Next, in regard to concentration, persisting, or maintaining pace, the ALJ noted that despite Chubb's alleged insistence that he cannot complete tasks, Chubb is able to drive, shop in stores, mow the lawn, and sweep.  *See* ALJ Opn. 21; Ex. 4E at ¶¶ 14, 16.  Finally, in considering Chubb's ability to adapt or manage oneself, the ALJ reasoned that despite some limitations, Chubb is able to care for pets, perform household repairs, drive, shop in stores, manage money, and handle stress.  *See* ALJ Opn. 21; Ex. 4E at ¶¶ 14, 16.  Accordingly, the ALJ found only "moderate" limitations in each area.  After de novo review, this Court finds that the ALJ's findings of moderate limitations is supported by substantial evidence.

have an impairment or combination of impairments that meets or medically equals the severity of

one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *See* ALJ Opn. 20.

Considering the ALJ's reliance on the Function Report, medical records on both mental and non-

mental impairments, and his discussion of Chubb's limitations based on non-mental

impairments, this Court finds Chubb has not given a reason to disbelieve that the ALJ considered

a combination of impairments, as the heading suggests. *See Gonzalez v. Comm'r of Soc. Sec.*,

No. 19-21276, 2021 U.S. Dist. LEXIS 208665, at *12 (D.N.J. Oct. 28, 2021) (rejecting the

plaintiff's claim that the ALJ failed to consider all impairments because "the ALJ expressed at

the beginning of his step three discussion that he considered Plaintiff's impairments in

combination [] and there is no reason not to believe that the ALJ did so." (internal quotations

omitted)).  The ALJ's error, if any, in failing to specify in the body of the decision that he

considered Chubb's "combination" of impairments in concluding that Chubb does not meet

Listing 12.04 does not require remand because a finding of moderate limitations is only

supported if Chubb's other impairments were in fact taken into account.  *See Holloman v.*

*Comm'r Soc. Sec.*, 639 F. App'x 810, 816 (3d Cir. 2016) (holding that a claimant challenging the

ALJ's decision in federal court "must clearly identify the error and explain how the error actually

'affect[ed] [his] 'substantial rights.''" (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009); 28

U.S.C. § 2111)).  The Commissioner's objection on this ground is therefore sustained.

 For the reasons set forth in the R&R, Chubb's other grounds for appeal lack merit and are

denied.  Chubb's objections are overruled.

## V. CONCLUSION

 After de novo review, this Court finds that the ALJ properly considered Chubb's non-

mental impairments along with his depression in finding that Chubb has moderate limitations in

each of the four areas in paragraph B, but that he does not meet Listing 12.04.  When all of

Chubb's impairments are considered in combination, which the ALJ did, the ALJ's decision is

supported by substantial evidence.  As it relates to this single ground for appeal, the R&R is not

adopted.  The remainder of the R&R recommending that Chubb's other claims be denied is

adopted.  Chubb's request for review is denied and the ALJ's decision is affirmed.

A separate order follows.


BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge